UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARR MOORE,

Petitioner,

v. CASE NO. 11-CV-14319
HONORABLE JOHN CORBETT O'MEARA

WILLIE O. SMITH,

Respondent.

_________________________/

**ORDER DISMISSING THE HABEAS CORPUS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Leonarr Moore has filed a *pro se* habeas corpus petition challenging his Saginaw County convictions for drug and firearm offenses. He alleges that his convictions were based on evidence that was obtained through an unconstitutional search and seizure. Because this Fourth Amendment claim is not cognizable on federal habeas corpus review, the petition must be dismissed.

## I. Background

On March 9, 2007, the police executed a search warrant at an apartment building on Birch Street in Saginaw, Michigan. After going in apartment one, which was located on the first floor of the building, the police entered a different door to the building and forced their way into apartment three, which was located on the second floor of the building. Although the police lacked a warrant to search apartment three, they did a protective "sweep" of the area and observed marijuana, cocaine, a scale with cocaine

residue, and a shotgun in plain view. They arrested Petitioner, who resided in apartment three, but when they finished their "sweep," they realized that the second floor was a separate apartment because there was no access to the second floor from apartment one on the first floor. They stopped the search, obtained a warrant that included apartment three as a place to be searched, and then resumed their search of the second floor. During this subsequent search, incriminating evidence was seized.

Petitioner was tried in Saginaw County Circuit Court. Following a jury trial, he was found him guilty of: possession of less than twenty-five grams of cocaine, MICH. COMP. LAWS § 333.7403(2)(a)(v); possession of marijuana with intent to deliver, MICH. COMP. LAWS § 333.7401(2)(d)(iii); felon in possession of a firearm, MICH. COMP. LAWS §750.224f; and three counts of possession of a firearm during the commission of a felony (felony firearm), MICH. COMP. LAWS § 750.227b. The trial court sentenced Petitioner to concurrent terms of two years in prison for each felony firearm conviction, followed by a term of sixty-three months to eight years in prison for the cocaine and marijuana convictions and a concurrent term of sixty-three months to ten years for the felon-in-possession conviction.

The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished, *per curiam* decision, but remanded his case to the trial court for re-sentencing on the cocaine, marijuana, and felon-in-possession convictions. *See People v. Moore*, No. 295266 (Mich. Ct. App. Apr. 5, 2011).[1] On September 6, 2011, the Michigan Supreme Court denied leave to appeal. *See People v. Moore*, __ Mich. __;

[1] Judge Douglas B. Shapiro concurred with the majority in all respects except as to the scoring of offense variable one.

801 N.W.2d 876 (Mich. 2011) (table).

On September 30, 2011, Petitioner filed his habeas corpus petition pursuant to 28 U.S.C. § 2254. The sole ground for relief alleges that Petitioner was convicted on the basis of evidence gained through an unconstitutional search and seizure. Petitioner contends that the search of his apartment was illegal because he did not consent to the search and the police lacked a warrant to search his apartment. He further alleges that there were no exigent circumstances justifying a warrantless search, there was no probable cause to believe a crime was occurring in apartment three, and the inevitable-discovery rule did not apply.

## II. Discussion

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, federal district courts are required to promptly examine habeas corpus petitions when they are filed. "If it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *Id*.

The sole issue in this case is whether Petitioner's constitutional rights were violated when the police searched his apartment and seized items from the apartment. Petitioner's claim is based on the Fourth Amendment to the United States Constitution, which states that

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

The Supreme Court has held that, “where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.” *Stone v. Powell*, 428 U.S. 465, 482 (1976). For a “full and fair” opportunity to have existed, the state must have provided a mechanism for raising the claim and presentation of the claim must not have been frustrated by a failure of that mechanism. *Gilbert v. Parke*, 763 F.2d 821, 823 (6th Cir. 1985) (citing *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982)).

In Michigan, defendants in criminal cases may challenge the legality of searches and seizures in a motion to suppress evidence, which may be brought before or during trial. *People v. Ferguson*, 376 Mich. 90, 93-95 (1965). Exhibits to the habeas petition indicate that Petitioner raised his Fourth Amendment claim in a pretrial motion to suppress evidence. The trial court held an evidentiary hearing on the motion and then denied it. The trial court determined that Petitioner’s Fourth Amendment rights were not violated and that the search of apartment three was inevitable in any event.

Petitioner also raised his Fourth Amendment claim in the Michigan Court of Appeals. The Court of Appeals conducted a thorough analysis of Petitioner’s claim and concluded on the basis of *Maryland v. Garrison*, 480 U.S. 79 (1987), that the initial entry into Petitioner’s apartment did not violate his Fourth Amendment rights. The Court of Appeals stated that, pursuant to the search warrant, the police “had the authority to sweep and secure the upstairs area before taking the time to evaluate the situation.” *Id*. Following the Court of Appeals decision, Petitioner raised his Fourth Amendment claim

in the Michigan Supreme Court, which denied leave to appeal because it was not persuaded to review the issue.

**III. Conclusion**

Petitioner had a full and fair opportunity to present his claim in state court. He raised his claim in the trial court, in the Michigan Court of Appeals, and in the Michigan Supreme Court. Consequently, his Fourth Amendment claim is not cognizable on federal habeas corpus review. His petition for the writ of habeas corpus [dkt. #1] is summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court declines to issue a certificate of appealability because jurists of reason would not find it debatable whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court declines leave to proceed *in forma pauperis* on appeal because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

sJohn Corbett O'Meara
United States District Judge

Date: October 31, 2011

I hereby certify that a copy of the foregoing document was served upon Petitioner on this date, October 31, 2011, using first-class U.S. mail.

sWilliam Barkholz
Case Manager