UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARR MOORE,

    Petitioner,

v.                                        CASE NO. 11-cv-14319
                                            HONORABLE JOHN CORBETT O'MEARA

WILLIE O. SMITH,

    Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

### I. Introduction

On September 30, 2011, petitioner Leonarr Moore filed a *pro se* habeas corpus petition challenging his Saginaw County convictions for drug and firearm offenses. He alleged that his convictions were based on evidence obtained through an unconstitutional search and seizure. On October 31, 2011, the Court summarily dismissed the petition pursuant to *Stone v. Powell*, 428 U.S. 465, 482 (1976) (holding that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial"). In the same order, the Court declined to issue a certificate of appealability.

On January 13, 2012, Petitioner moved for a certificate of appealability, and on January 30, 2012, he filed a notice of appeal. The Court denied the motion for a

certificate of appealability, and on July 6, 2012, the United States Court of Appeals for the Sixth Circuit dismissed Petitioner's appeal as untimely.

Currently pending before the Court is Petitioner's motion for relief from judgment. He seeks to have this Court dismiss the judgment entered by the Sixth Circuit Court of Appeals on July 6, 2012, and to accept his late appeal on the basis of excusable neglect.

## II.  Discussion

Initially, the Court notes that it has no jurisdiction to vacate the Court of Appeals ruling. The law-of-the-case doctrine precludes this Court from reconsidering the appellate court's decision on the timeliness of Petitioner's appeal. *See Williams v. McLemore*, 247 F. App'x 1, 7 (6th Cir. 2007) (explaining that, "[w]here an appellate court has determined an issue of law – either explicitly or implicitly – a lower court may not depart from that determination" except "under one of three 'exceptionally narrow' grounds" not applicable here).

But a district court may reopen the time to file an appeal if the moving party did not receive notice of the entry of the judgment. Fed. R. App. P. 4(a)(6). A district court may also extend the time to file a notice of appeal if the appellant so moves no later than thirty days after the deadline for filing a notice of appeal. Fed. R. App. P. 4(a)(5)(A)(i). Neither of these rules is applicable here, however, because Petitioner is not alleging that he failed to receive notice of the Court's judgment, and he did not file his notice of appeal within thirty days of the deadline for filing an appeal.

Nevertheless, Petitioner has moved for relief from judgment under Federal Rule of Civil Procedure 60(b), and a district court may employ Rule 60(b) to permit an appeal

outside the time constraints of Appellate Rule 4(a)(5). *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993).

> Whether the district court should grant relief from judgment to revive a lost right of appeal in a given case necessarily requires an analysis on a case-by-case basis. As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment.

*Id.* (internal and end citations omitted).

Petitioner brings his motion under Federal Rule of Civil Procedure 60(b)(1), which reads:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect.

Petitioner contends that excusable neglect on his part entitles him to relief from judgment. Specifically, Petitioner alleges that he relied on a habeas corpus handbook which led him to believe that the Court of Appeals would automatically review any claims for which the District Court denied a certificate of appealability. Petitioner further alleges that he depends on a prison paralegal for assistance, that he has limited access to a law library, and that he lacks the aptitude or proficiency needed to understand the Federal Rules of Civil Procedure.

"The Supreme Court has instructed courts to hold pleadings filed by *pro se* litigants to a less stringent standard than those filed by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972), but [it] has 'never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse

3

mistakes by those who proceed without counsel.' *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed.2d 21 (1993)." *In re G.A.D., Inc.*, 340 F.3d 331, 335 (6th Cir. 2003). Furthermore, movant's ignorance of the law, *pro se* status, and lack of legal training do not justify relief from judgment under Rule 60(b)(1). *Merriweather v. Wilkinson*, 83 F. App'x 62, 63-64 (6th Cir. 2003); *see also McCurry ex rel Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 593-94 (6th Cir. 2002) (citing *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683–87 (6th Cir. 1999), for the principle that an attorney's misinterpretation of the law does not warrant relief from judgment, nor constitute a "mistake" justifying the setting aside of a judgment under Rule 60(b) to permit a second bite at the appellate apple).

### III.  Conclusion

The facts as alleged are insufficient to constitute excusable neglect under Rule 60(b)(1). Accordingly, the motion for relief from judgment [Doc. 11, filed July 31, 2012] is **DENIED**.

> s/John Corbett O'Meara
> United States District Judge

Date:  January 24, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 24, 2013, using the ECF system and/or ordinary mail.

> s/William Barkholz
> Case Manager