UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARR MOORE,

    Petitioner,

v.                                 CASE NO. 11-cv-14319
                                     HON. JOHN CORBETT O'MEARA

WILLIE O. SMITH,

    Respondent.

_____/

## ORDER DENYING PETITIONER'S SECOND MOTION FOR RELIEF FROM JUDGMENT AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

This matter is pending before the Court on petitioner Leonarr Moore's second motion for relief from judgment. Because the motion raises the same issue that the Court addressed in its previous order in this case, the motion will be denied.

### I. Background

On September 30, 2011, Petitioner filed a *pro se* habeas corpus petition challenging his Saginaw County convictions for drug and firearm offenses. He alleged that his convictions were based on evidence obtained through an unconstitutional search and seizure. On October 31, 2011, the Court summarily dismissed the petition pursuant to the doctrine of *Stone v. Powell*, 428 U.S. 465, 482 (1976) (holding that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial").

On January 13, 2012, Petitioner moved for a certificate of appealability, and on January 30, 2012, he filed a notice of appeal.  The Court denied the motion for a certificate of appealability, and on July 6, 2012, the United States Court of Appeals for the Sixth Circuit dismissed Petitioner's appeal as untimely.

On July 31, 2012, Petitioner filed a motion for relief from judgment in which he asked the Court to dismiss the Sixth Circuit's order of July 6, 2012, and to accept his late appeal on the basis of excusable neglect.  On January 24, 2013, the Court denied Petitioner's motion on the ground that the Court was precluded from reconsidering the Sixth Circuit's decision regarding the timeliness of Petitioner's appeal.  The Court also stated that Federal Rules of Appellate Procedure 4(a)(6) and 4(a)(5)(A)(i), which authorize district courts to re-open or to extend the time to appeal, were not applicable. Finally, the Court stated that the facts as alleged by Petitioner in his motion were insufficient to constitute "excusable neglect" under Federal Rule of Civil Procedure 60(b)(1).

On February 6, 2013, Petitioner appealed the Court's order denying his motion for relief from judgment.  On the same day, he filed a second motion for relief from judgment, which is addressed to the Court of Appeals, but is now pending in this Court. The first page of the motion states that Petitioner is seeking relief from this Court's January 24, 2013 order denying his first motion for relief from judgment.  Attached to that page is a copy of Petitioner's first motion for relief from judgment, which he filed on July 31, 2012.

## II.  Discussion

The Court believes that Petitioner intended to have the Court of Appeals address

his pending motion for relief from judgment. To the extent that he is asking this Court to reconsider its January 24, 2013 order denying Petitioner's first motion for relief from judgment, he must show that the Court was mislead by a "palpable defect." LR 7.1(h)(3) (E.D. Mich. Mar. 1, 2010). He must also show that "correcting the defect will result in a different disposition of the case." *Id*.

Petitioner appears to be alleging in his pending motion that his untimely appeal to the Sixth Circuit Court of Appeals was due to excusable neglect on his part. He raised this issue in his first motion for relief from judgment, which the Court denied on January 24, 2013. The Court may not grant a motion for reconsideration which presents the same issue already ruled upon by the Court, *id.,* and because Petitioner has raised no other arguments demonstrating that the Court made a "palpable defect" in its previous order, Petitioner is not entitled to relief from judgment. Accordingly, the pending motion for relief from judgment [dkt. #16] is **DENIED**.

Reasonable jurists would not disagree with the Court's resolution of Petitioner's motion. Nor would reasonable jurists conclude that Petitioner's challenge to the Sixth Circuit's order dismissing his untimely appeal is "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court therefore **DECLINES** to issue a certificate of appealability.

                                          s/John Corbett O'Meara
                                          United States District Judge

Date: April 12, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 12, 2013, using the ECF system and/or ordinary mail.

<pre>                              s/William Barkholz
                              Case Manager</pre>